IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-273 |
| | § | C.A. No. C-06-146 |
| JORGE ALBERTO SALGADO-AVILA, | § | |
|     Defendant/Movant. | § | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Jorge Alberto Salgado-Avila's ("Salgado") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 25).[1]  Also before the Court is the government's response, which requests dismissal of the motion. (D.E. 28, 29).  On July 20, 2006, Salgado filed a reply (D.E. 30), which the Court has also considered.

For the following reasons, the Court denies Salgado's motion.

### I. JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

### II. PROCEDURAL HISTORY

On June 9, 2004, Salgado was charged in a single-count indictment with being unlawfully present in the United States after having been deported or removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1).  (D.E. 1).  Salgado pleaded guilty to the indictment on July 15, 2004, and there was no written plea agreement. (D.E. 6).  The Court sentenced Salgado to 51 months imprisonment, to be followed by a three-year term of supervised release, and imposed a $100 special assessment.  (D.E. 11, 14).  Judgment of conviction was entered November 24, 2004. (D.E. 14).

---

[1] Docket entries refer to the criminal case, Cr. C-04-273.

Salgado filed a timely notice of appeal. (D.E. 12). On appeal, he argued that his sentence was imposed in violation of United States v. Booker, 543 U.S. 220 (2005) and Almendarez-Torres v. United States, 523 U.S. 224 (1998). The Fifth Circuit affirmed in a per curiam opinion on August 17, 2005. (D.E. 23). Salgado then filed a petition for writ of certiorari, which the Supreme Court denied on January 9, 2006. Salgado-Avila v. United States, 126 S. Ct. 1075 (2006).

The Clerk received his timely § 2255 motion on March 29, 2006.

### III. PARTIES' ALLEGATIONS

Salgado lists two grounds for relief in his motion. First, he argues that the 16-level enhancement to his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A) violated his Sixth Amendment rights.[2] He relies on the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005) to argue that the enhancement unconstitutionally increased his sentence based on a fact, i.e., the fact of his prior aggravated felony, that was not alleged in the indictment and not found by a jury or admitted by him. Additionally, although he acknowledges the constitutional ruling of Almendarez-Torres v. United States, 523 U.S. 224 (1998),[3] he claims that Blakely and Booker effectively overruled Almendarez-Torres.

Second, he argues that he was denied the effective assistance of counsel. The facts he offers in support of this claim are somewhat confusing. It appears, however, that he is claiming his attorney was constitutionally ineffective because he allegedly failed to challenge the enhancement to his sentence. He claims that his counsel should have moved to dismiss the indictment at sentencing due to the proposed enhancement.

---

[2] Salgado's motion refers to U.S.S.G. § 2L1.1(B)(1)(A), but his offense level was enhanced pursuant to § 2L1.2(b)(1)(A). (Compare D.E. 25 at 5 with PSR at ¶ 9).

[3] Almendarez-Torres is discussed at pages 4-5 infra.

He asks to have his sentence vacated and for the Court to resentence him to a 24-month term of imprisonment, or alternatively, sentence him under the post-Booker advisory guideline system. (D.E. 25, Supp. Mem. at 13-14).

The government's response and motion to dismiss argues that Salgado's motion should be denied because he has failed to state any adequate ground for relief. The government further contends that his second ground is subject to dismissal because he does not identify on what facts or legal grounds his claim rests.[4]

### IV. ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

**B.    Challenge to the Sixteen-Level Enhancement**

As noted, Salgado's first claim is that his sentence was improperly enhanced, and he relies for support on Blakely and Booker. As an initial matter, the Fifth Circuit has already held that Salgado's claim of Booker error did not establish plain error. It has long been "settled in this Circuit

---

[4] In his reply, Salgado provides no additional detail to his claims. Instead, he simply complains that the government's motion to dismiss was not a proper response to his motion, but that it should have filed instead an "answer." He asks for the denial of the government's motion to dismiss on this ground.

that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." United States v. Kalish, 780 F.2d 506, 508 (5th Cir.), cert. denied, 476 U.S. 1118 (1986) (affirming district court's refusal to entertain the defendant's § 2255 motion). Thus, his claim for relief pursuant to Booker is not properly before the Court.

Moreover, his challenge to his enhancement and to the constitutionality of 8 U.S.C. § 1326(b)(1) and (2) fails as a matter of law. In Almendarez-Torres, a case decided prior to Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that Congress intended to set forth a sentencing factor in 8 U.S.C. § 1326(b)(2)[5] and not a separate criminal offense. 523 U.S. at 235. Thus, the Almendarez-Torres court concluded that it was not necessary for the factor to be contained in the indictment or found by a jury beyond a reasonable doubt. This case was the genesis of the prior conviction exception to the rule of Apprendi. See Apprendi, 530 U.S. at 487-90 (calling Almendarez-Torres an "exceptional departure," but declining to revisit the issue and treating the case as a "narrow exception" to the general rule set forth in Apprendi). Almendarez-Torres forecloses Salgado's argument that his enhancement pursuant to ¶ 1326(b)(2) was unconstitutional because his prior conviction was not alleged in the indictment, found by a jury or admitted by him.

Salgado contends, however, that Almendarez-Torres has been effectively overruled by Blakely or Booker and that this Court should so hold. While it is true that the holding in Almendarez-Torres has been called into doubt by some,[6] it currently remains good law. See United States v. Garza-

---

[5] Subsection (b) increases the criminal penalties for reentry of certain removed aliens, including additional penalties for those previously convicted of certain crimes. It is implemented in the Sentencing Guidelines through Section 2L1.2.

[6] Justice Thomas, the key fifth vote in the Almendarez-Torres five-member majority, has suggested that the decision should be overturned:

> [T]his Court has not yet reconsidered Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed 2d 350 (1998), which draws an exception to the Apprendi line of cases for judicial factfinding that concerns a defendant's prior convictions. See Apprendi, supra, at 487-490, 120 S. Ct.

4

Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005) (Almendarez-Torres remains binding); United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005) (same). Almendarez-Torres controls this case and this Court is powerless to overturn Supreme Court precedent. For the foregoing reasons, Salgado is not entitled to relief on his first claim.

**C.     Ineffective Assistance of Counsel Claim**

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted, Salgado appears to be claiming that his counsel was ineffective for failing to challenge the 16-level enhancement to his sentence, or for failing to move for the dismissal of the

---

2348. Almendarez-Torres ... has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided. See 523 U. S., at 248–249 (SCALIA, J., joined by STEVENS, SOUTER, and GINSBURG, JJ., dissenting); Apprendi, supra, at 520–521 (THOMAS, J., concurring). The parties do not request it here, but in an appropriate case, this Court should consider Almendarez-Torres' continuing viability.

Shepard v. United States, 125 S. Ct. 1254, 1264 (2005) (THOMAS, J., concurring).

indictment on the same ground.  His claim fails because he cannot show prejudice.  That is, even if Salgado's counsel had objected to his sentence being enhanced on this ground, it would have been denied.  Similarly, any motion to dismiss the indictment on this ground would have been denied.  As noted in the preceding section, Almendarez-Torres controlled the issue at the time of sentencing and still controls it today.  Any argument to the contrary by Salgado's counsel would have been meritless, and a failure to raise a meritless argument cannot possibly be prejudicial. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").  For these reasons, his ineffective assistance of counsel claim also fails.

Salgado's § 2255 motion is therefore DENIED in its entirety.

**D.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Salgado has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Salgado is not entitled to a COA as to any of his claims. That is, reasonable jurists could not debate the Court's resolution of either his challenge to the 16-level enhancement or his ineffective assistance claim.

## V.  CONCLUSION

For the above-stated reasons, Salgado's motion pursuant to 28 U.S.C. § 2255 (D.E.25) is DISMISSED WITH PREJUDICE. The Court also DENIES Salgado a Certificate of Appealability.

ORDERED this 7th day of September, 2006.

_____
Janis Graham Jack
United States District Judge